IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARNETH LIPKE,

                  Plaintiff,                  OPINION AND ORDER

     v.                                         3:06-CV-00675-bbc

MICHAEL ASTRUE,
Commissioner of Social Security,

                  Defendant.

---

On July 27, 2007, this court entered judgment in favor of plaintiff Carneth Lipke, reversing and remanding the case to the commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). Plaintiff has now filed an application for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff contends that he meets the requirements for obtaining such an award: (1) he is the prevailing party in an action in which he sought reversal or remand of a decision by defendant Commissioner of Social Security and (2) defendant's position in this litigation was not substantially justified. Plaintiff is seeking attorney fees in the amount of $9,146, which includes time spent preparing and defending the fee petition. Defendant does not dispute plaintiff's contention that he is a "prevailing party" or the reasonableness of the fees requested, but contends that plaintiff is not entitled to attorney fees under the Equal Access to Justice Act because defendant's position was substantially justified. Because I find that

defendant's position was not substantially justified, I will grant the petition for an award of fees and costs.

The following undisputed facts are taken from the record. These facts are material to the question whether defendant's position was substantially justified.

FACTS

On May 13, 2004, plaintiff filed an application for disability insurance benefits, alleging he was disabled as a result of chronic upper back and neck pain, headaches and depression. His application eventually was considered by an administrative law judge, who determined after a hearing that plaintiff was not disabled. At step four of the sequential process for evaluating disability claims, 20 C.F.R. §§ 404.1520, the administrative law judge concluded that plaintiff had the residual functional capacity to perform light work. In reaching this conclusion, he accorded substantial weight to the opinions of the consulting physicians for the local disability service and rejected the opinion of plaintiff's treating physician, Dr. Amy Daley, who had found that plaintiff could not perform full time work even at the sedentary level. The administrative law judge also determined that plaintiff's statements concerning the intensity of his pain and extent of his limitations were not supported by the evidence, citing various activities in which plaintiff had engaged.

Relying on the testimony of a vocational expert, the administrative law judge found that plaintiff could return to his past relevant work.  The expert had testified that plaintiff's past work as a zoning inspector corresponded to the job of "code inspector" described in the *Dictionary of Occupational Titles*, which was a job that could be performed at the light exertional level.  Although the administrative law judge denied plaintiff's claim at step four of the sequential evaluation process, he found alternatively at step five that plaintiff would not be disabled even if he could not perform his past relevant work because he could make a vocational adjustment to a significant number of jobs existing in the national economy.

After the Appeals Council denied plaintiff's request for review, plaintiff filed an action for judicial review of defendant's decision.  42 U.S.C. § 405(g).  He contended that the administrative law judge had committed the following errors:  1) rejected the opinion of Dr. Daley without good reason; 2) overstated plaintiff's activities and failed to consider medication side effects in reaching his conclusion that plaintiff's subjective complaints were not entirely credible; 3) failed to account for limitations resulting from plaintiff's sleep apnea; and 4) ignored binding agency regulations in making his determinations at step four and step five regarding plaintiff's ability to perform his past work and other work.

On July 24, 2007, I entered an order agreeing with plaintiff "on virtually all counts."  Order, Case 3:06-cv-00675-bbc, July 24, 2007, doc. #14, at 2.  I agreed that it was not enough for the administrative law judge to cite the opinions of the state agency physicians

3

without offering some explanation for finding those opinions more consistent with the evidence than Dr. Daley's. I rejected defendant's contention that the administrative law judge had found those opinions to be more consistent with the medical evidence, finding that that reasoning was not apparent from the administrative law judge's decision and in any case, the medical evidence cited by the administrative law judge was not necessarily inconsistent with Dr. Daley's opinion. I also agreed with plaintiff that the administrative law judge's credibility determination was inadequate because he had not addressed substantial evidence in the record, including plaintiff's significant complaints of fatigue and excessive sleep and his course of treatment, and had been too quick to draw adverse inferences from plaintiff's reported activities, which appeared to be sporadic.

With respect to the administrative law judge's finding at step four, I agreed with plaintiff that the administrative law judge had erred by equating plaintiff's past work as a zoning inspector to that of "code inspector" described in the *Dictionary of Occupational Titles*. I rejected defendant's contention that the administrative law judge's step four finding was supported by substantial evidence because the vocational expert had relied on the *Dictionary*, pointing out that not all jobs have a counterpart in the *Dictionary* and defendant had offered no evidence to refute plaintiff's contention that his past job as a zoning inspector was such a job. Finally, I found that the administrative law judge's alternative step five finding was not supported by substantial evidence because he had not made a finding regarding the

4

degree of vocational adjustment required in order for plaintiff's skills to be transferable and further, the vocational expert's testimony suggested that there were no skilled or semiskilled jobs in the light exertional category to which plaintiff's skills could be transferred.

OPINION

The Equal Access to Justice Act authorizes the payment of attorney fees to a party who prevails in a civil action against the United States unless the court finds that the position of the government was not substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Under the substantial justification standard, a party who succeeds against the government is not entitled to fees if the government took a position that had "'a reasonable basis in law and fact.'" Young v. Sullivan, 972 F.2d 830, 835 (7th Cir. 1992) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)). This requires the government to show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. United States v. Hallmark Construction Co., 200 F.3d 1076, 1080 (7th Cir. 2000). Put another way, "[t]he test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action." Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994). The government carries the burden of proving that its position was substantially

justified. Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994). The commissioner can meet her burden if there was a "genuine dispute" or if reasonable people could differ as to the propriety of the contested action. Pierce v. Underwood, 487 U.S. 552, 565 (1988).

When considering whether the government's position was substantially justified, the court must consider not only the government's position during litigation but also its position with respect to the original government action that gave rise to the litigation. 28 U.S.C. § 2412(d)(1)(B) (conduct at administrative level relevant to determination of substantial justification); Gotches v. Heckler, 782 F.2d 765, 767 (7th Cir. 1986). A decision by an administrative law judge constitutes part of the agency's pre-litigation conduct. Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004). "EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified. However, the district court is to make only one determination for the entire civil action." Marcus, 17 F.3d at 1036 (internal citations omitted); see also Jackson v. Chater, 94 F.3d 274, 278 (7th Cir. 1996) (Equal Access to Justice Act requires single substantial justification determination that "simultaneously encompasses and accommodates the entire civil action"). The outcome of a case is not conclusive evidence of the justification for the government's position. Bricks, Inc. v. EPA, 426 F.3d 918, 922 (7th Cir. 2005).

Defendant argues that his position with respect to Dr. Daley's opinion is supported by Hoflsien v. Barnhart, 439 F.3d 375, 377 (7th Cir. 2006), a case in which the court found

6

that it was reasonable for an administrative law judge to reject a treating physician's opinion in favor of those from non-examining agency physicians. As I explained in my order on the merits, however, nothing in Hofslien suggests that any time the treating physician and a state agency physician disagree, an administrative law judge may simply adopt the opinion of the state agency physician without providing some explanation for finding that opinion more persuasive. To the contrary, the commissioner's own regulations provide that the administrative law judge must consider various factors in deciding how much weight to give the opinion of a treating physician and must provide "good reasons" for that decision. 20 C.F.R. § 404.1527(d)(2). This directive, in turn, is merely an off-shoot of the substantial evidence requirement. Zblewski v. Schweiker, 732 F.2d 75, 78 (7th Cir. 1984) ("In the absence of an explicit and reasoned rejection of an entire line of evidence, the remaining evidence is 'substantial' only when considered in isolation."). There is nothing unsettled or novel in requiring an administrative law judge to articulate minimally his assessment of the evidence. The administrative law judge failed to satisfy that requirement. In the absence of any argument from defendant apart from his reliance on Hofslien, I find that he has failed to meet his burden of showing that his position with respect to Dr. Daley's opinion was substantially justified.

Turning to the administrative law judge's credibility determination, defendant argues that his position was substantially justified because an administrative law judge's failure to

7

meet the articulation requirement "in no way necessitates a finding the Secretary's position was not substantially justified." Stein v. Sullivan, 966 F.2d 317, 320 (7th Cir. 1992). Defendant's argument rests on the incorrect premise that in reversing the administrative law judge's credibility assessment, I found merely that the administrative law judge had not articulated his rationale clearly enough. Not only did I find that the administrative law judge had not made sufficiently detailed findings to show that plaintiff's activities were anything other than sporadic, I found that the administrative law judge ignored entire lines of evidence, including plaintiff's complaints of fatigue and excessive sleep, his medication regime and his persistent efforts to find relief for his pain. These were relevant factors the administrative law judge was required to consider under the commissioner's regulations concerning credibility. 20 C.F.R. § 404.1529(c); SSR 96-7p. Without them, the administrative law judge's error was not a mere lack of articulation but a disregard of the commissioner's relevant rulings and regulations, making it unreasonable. Moreover, even if this case could be classified as one of the Stein variety, Stein did not adopt a *per se* rule that precludes an award of attorney's fees whenever the alleged error is the failure to satisfy the articulation requirement. Conrad v. Barnhart, 434 F.3d 987, 991 (7th Cir. 2006). Given the perfunctory nature of the administrative law judge's credibility determination and his focus on plaintiff's activities to the exclusion of other evidence that tended to support

8

plaintiff's allegations, defendant lacked a reasonable basis for defending the administrative law judge's decision.

Taken into consideration the unreasonableness of defendant's position with respect to Dr. Daley's opinion and the credibility of plaintiff's subjective complaints, I find it unnecessary to decide whether defendant's position on the step four issue was substantially justified. Because of the administrative law judge's first two errors, this case would have been remanded even if I had agreed with defendant on the step four issue. Having concluded that defendant's position with respect to those first two issues was not substantially justified, I am satisfied that defendant lacked substantial justification for its position on the whole. An award of EAJA fees to plaintiff is appropriate. Because defendant has raised no objection to the amount of fees requested, plaintiff will be awarded his full request.

## ORDER

IT IS ORDERED that the application of plaintiff Carneth Lipke for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, is GRANTED. Plaintiff is awarded attorney fees in the amount of $9,146.

Entered this 6th day of December, 2007.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge